# CIVIL COVER SHEET

The JS-44 civil cover sheet and information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Bayer HealthCare LLC

**DEFENDANTS**
Provident Preclinical, Inc.
Whtie Eagle Laboratories, Inc.
Dr. Michael A. Schnell
Dr. Abott S. D'Ver

*04cv5583*

**(b)** County of Residence of First Listed Plaintiff  Shawnee, Kansas, Johnson County, KS
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Bucks County, PA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Beatrice O'Donnell, Esquire
Duane Morris LLP
3900 One Liberty Place, 1650 Market Stret
Philadelphia, Pa 19103

SEE ATTACHED

Attorneys (If Known)
SEE ATTACHED

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY—** | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 362 Personal Injury— | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | Med. Malpractice | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC/Rates/etc |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 365 Personal Injury— | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 368 Asbestos Personal | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Injury Product | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | Liability | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | **PERSONAL PROPERTY** | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☒ 370 Other Fraud | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | Product Liability | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | Act |
| | | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | **FEDERAL TAX SUITS** | Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS–Third party | Under Equal Access to |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | 26 USC 7609 | Justice Act |
| | | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of |
| | | ☐ 555 Prison Conditions | | | State Statutes |
| | | | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to
District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause
(Do not cite jurisdictional statutes unless diversity)

Diversity Pursuant to 28 USC Sec.  To recover funds paid for contract for services not rendered
1332

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $  $889,000.00
plus interst,
costs, fees and
punitive
damages

CHECK YES only if demanded in complaint:
JURY DEMAND:☐ Yes  ☐No

ATED CASE(S) (See Instructions):
IF ANY

DATE N/A

SIGNATURE OR ATTORNEY OF RECORD:

JUDGE

DOCKET NUMBER

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

## CIVIL COVER SHEET (CONT'D)

| | |
|---|---|
| Attorneys for Plaintiff,<br>Bayer Healthcare LLC<br><br>Cathy J. Dean, Esquire<br>Robert J.E. Edwards, Esquire<br>Jennifer S. Chapin, Esquire<br>Polsinelli Shalton Welte Suelthaus, PC<br>700 West 47th Street, Suite 1000<br>Kansa City, Missouri 64112<br>(816) 753.1000<br><br>*Pro Hac Vice Admission Pending* | Attorneys for Defendants,<br>Provident Preclinical, Inc. and<br>Dr. Michael A. Schnell<br><br>Craig A. Styer, Esquire<br>Fox Rothschild, LLC<br>Eagle View Corporate Center<br>760 Constitution Drive, Suite 104<br>P.O. Box 673<br>Exton, PA  19341-0673 |
| | **UNREPRESENTED**<br><br>White Eagle Laboratories, Inc.<br>2003 Lower State Road<br>Doylestown, PA  18901<br><br>And<br><br>Dr. Abbott S. D'Ver<br>1142 North Glenwood Street<br>Allentown, PA  18104 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Bayer Healthcare LLC

v.

Provident Preclinical, Inc., et al

CIVIL ACTION
NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(a)  SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ☐

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ☐

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ☐

(d)  Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ☐

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ☐

(f)  Standard Management – Cases that do not fall into any one of the other tracks.   ☒

November 30, 2004
Date

Beatrice O'Donnell
Attorney-at-law

Attorney for Plaintiff

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Eastern_____   District of _Pennsylvania_____

Bayer Healthcare, LLC

### SUMMONS IN A CIVIL CASE

V.

White Eagle Laboratories, Inc. , et al.
2003 Lower State Road
Doylestown, PA 18901

CASE NUMBER:

TO: (Name and address of Defendant)

    White Eagle Laboratories, Inc.
    2003 Lower State Road
    Doylestown, PA 18901

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Beatrice O'Donnell, Esquire
    Duane Morris, LLP
    3900 One Liberty Place
    1650 Market Street
    Philadelphia, PA 19103

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
              *Date*                        *Signature of Server*

                                       _____
                                         *Address of Server*

(1)   As to who may serve as summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Eastern _____ District of ___ Pennsylvania _____

Bayer Healthcare, LLC

### SUMMONS IN A CIVIL CASE

V.

Dr. Michael Schnell , et al.
2003 Lower State Road
Doylestown, PA 18901
or
13 Kathryn Lane
Broomall, PA 19008

CASE NUMBER:

TO: (Name and address of Defendant) Dr. Michael Schnell, 2003 Lower State Rd.,
Doylestown, PA 18901

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Beatrice O'Donnell, Esquire
Duane Morris LLP
3900 One Liberty Place
1650 Market Street
Philadelphia, Pa 19103

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                                            DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant. Place where served: _____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

☐  Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                              Date                                    *Signature of Server*

_____
*Address of Server*

(1)   As to who may serve as summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Eastern_____   District of   Pennsylvania_____

Bayer Healthcare, LLC
_____

### SUMMONS IN A CIVIL CASE

V.

Dr. Michael Schnell , et al.
2003 Lower State Road
Doylestown, PA 18901
or
13 Kathryn Lane
Broomall, PA 19008

CASE NUMBER:

TO: (Name and address of Defendant) Dr. Michael Schnell, 13 Kathryn La., Broomall, PA
190(

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)
         Beatrice O'Donnell, Esquire
         Duane Morris LLp
         3900 One Liberty Place
         1650 Market Street
         Philadelphia, PA 19103

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                                              DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                       Date                              *Signature of Server*


                                         _____
                                              *Address of Server*

_____
(1)   As to who may serve as summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Eastern_____  District of _Pennsylvania_____

Bayer Healthcare, LLC

## SUMMONS IN A CIVIL CASE

V.

Dr. Abbott S. D'Ver  , et al.
1142 North Glenwood Street
Allentown, PA 18104

CASE NUMBER:

TO: (Name and address of Defendant)
Dr. Abbott D'Aver
1142 North Glenwood Street
Allentown, PA  18104

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)
Beatrice O'Donnell, Esquire
Duane Morris LLP
3900 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                                            DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                          Date                                    *Signature of Server*


                                                        _____
                                                        *Address of Server*

(1)  As to who may serve as summons see Rule 4 of the Federal Rules of Civil Procedure

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Eastern ___ District of ___ Pennsylvania

Bayer Healthcare, LLC

## SUMMONS IN A CIVIL CASE

V.

Provident Preclinical, Inc. , et al.
2003 Lower State Road
Doylestown, PA 18901

CASE NUMBER:

TO: (Name and address of Defendant)

Provident Preclinical, Inc.
2003 Lower State Road
Doylestown, PA 18901

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Beatrice O'Donnell, Esquire
Duane Morris LLP
3900 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                          Date                              *Signature of Server*

                                                    _____
                                                    *Address of Server*

(1)   As to who may serve as summons see Rule 4 of the Federal Rules of Civil Procedure.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BAYER HEALTHCARE LLC,**<br>**Animal Health Division**<br>12707 W. 63rd Street<br>Shawnee Mission, KS 66216 )<br><br>Plaintiff, )<br><br>v. )<br><br>**PROVIDENT PRECLINICAL, INC.**<br>Serve:<br>2003 Lower State Road<br>Doylestown, Pennsylvania 18901<br><br>and )<br><br>**WHITE EAGLE LABORATORIES, INC.**<br>Serve:<br>2003 Lower State Road<br>Doylestown, Pennsylvania 18901<br><br>and )<br><br>**DR. MICHAEL A. SCHNELL**<br>2003 Lower State Road<br>Doylestown, Pennsylvania 18901<br>or<br>13 Kathryn Lane<br>Broomall, Pennsylvania 19008<br><br>**DR. ABBOTT S. D'VER**<br>1142 North Glenwood Street<br>Allentown, Pennsylvania 18104 | Case No.: _04cv5583_ |

**Defendants.**

## COMPLAINT

Plaintiff Bayer HealthCare LLC ("Plaintiff") brings this civil action against Defendants

Provident Preclinical, Inc. ("Provident"), White Eagle Laboratories, Inc. ("White Eagle"), Dr.

Michael A. Schnell ("Schnell"), and Dr. Abbott D'Ver ("D'Ver") (collectively "Defendants") states as follows:

## I.   PARTIES

1.   Plaintiff is a Delaware limited liability company with its principal place of business in Shawnee, Kansas.

2.   Defendant Provident is a Pennsylvania business corporation with its headquarters and principal place of business in Doylestown, Pennsylvania.

3.   Defendant White Eagle is a Pennsylvania business corporation with its principal place of business in Doylestown, Pennsylvania.

4.   Defendant Schnell is an individual residing in Broomall, Pennsylvania and is or was a vice president and shareholder of White Eagle and is presently a shareholder and officer of Provident..

5.   Defendant D'Ver is an individual residing in Allentown, Pennsylvania and is or was president, treasurer and shareholder of White Eagle.

## II.   JURISDICTION AND VENUE

6.   This Court has jurisdiction over this matter because this is a civil action between citizens of different states in which the value of the amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. Section 1332.

7.   Venue is proper in this district because Defendants reside in this district and/or a substantial portion of Defendants' acts occurred in this district.

## III.   FACTS

8.   White Eagle was at all relevant times a scientific research organization, which performed pre-clinical studies on animals for third parties pursuant to Food & Drug Administration ("FDA") guidelines.

9.   In October and November 1999, Bayer Corporation, Agriculture Division, Animal Health ("Animal Health") entered into two nearly identical memoranda of agreement (collectively, the "1999 Agreements") with White Eagle.

10.   D'Ver signed the 1999 Agreements on behalf of White Eagle.

11.   Pursuant to the 1999 Agreements, White Eagle agreed to perform four (4) cat and dog reproductive safety studies for Animal Health.

12.   Schnell, at the time an employee of White Eagle, worked with Animal Health to develop the protocols for the studies.

13.   Animal Health agreed to pay White Eagle $1,778,000 for performing these studies.

14.   As is customary in the industry, Animal Health paid White Eagle a cash deposit totaling half the total study cost ($889,000.00) on or about November 29, 1999 (the "Study Deposit") to be used to fund the studies.

15.   For a variety of business-related reasons, Animal Health and White Eagle did not immediately initiate these four studies with White Eagle, though the Study Deposit was not refunded by White Eagle.

16.   Instead, in October 2001, Animal Health contacted D'Ver and White Eagle to discuss initiating two of the original four research studies in the first quarter of 2002.

17.   Animal Health and White Eagle agreed to void the 1999 Agreements and to develop a new contract covering just the two studies.

18.    Animal Health and White Eagle also agreed that the Study Deposit would be applied to the cost of the two new studies.

19.    On March 4, 2002, Animal Health and White Eagle entered into a Memorandum of Agreement (the "2002 Agreement") covering the two research studies discussed in October 2001.

20.    D'Ver signed the 2002 Agreement on behalf of White Eagle.

21.    The 2002 Agreement superceded and replaced the 1999 Agreements.

22.    Pursuant to Section A.2 of the 2002 Agreement, Animal Health agreed to pay White Eagle "mutually agreed upon funds of $1,284,000" for the two research studies. The previously paid $899,000 Study Deposit was credited towards this amount while the remaining $395,000.00 was to be paid in installments based upon the progress of the two studies.

23.    White Eagle agreed to use the Study Deposit as needed for the studies.

24.    Pursuant to the 2002 Agreement, White Eagle was obligated to refund the Study Deposit (less accrued costs) within thirty (30) days of notice of cancellation.

25.    Because Animal Health was unable to get an agreed upon protocol acceptable to the FDA for these two studies, White Eagle did not initiate them in 2002 or 2003.

26.    Effective January 1, 2003, Bayer Corporation, an Indiana corporation, restructured its operating businesses so that it contributed the business and assets of Animal Health to Plaintiff, including all rights and obligations under the 1999 Agreements and the 2002 Agreement. *See* Assistant Secretary's Certificate, attached hereto as **Exhibit 1**.

27.    By early 2004, Plaintiff was ready to initiate new contract research studies with White Eagle and telephoned White Eagle for that purpose.

28.   Plaintiff's call to White Eagle's phone number was answered by Joe Hallman, an individual identifying himself as an employee of Provident.

29.   Like White Eagle before it, Provident is a contract scientific research organization, which performs pre-clinical studies on animals for third parties pursuant to FDA guidelines.

30.   Mr. Hallman informed Plaintiff that White Eagle's assets and contract research business had been sold to Provident, which now operated the contract research business from the former White Eagle facilities.

31.   Mr. Hallman also told Plaintiff that Provident had not assumed White Eagle's agreements with Plaintiff and would not be responsible for doing the studies agreed to by White Eagle or returning the Study Deposit to Plaintiff.

32.   Provident is located in White Eagle's former facilities.

33.   Provident uses the same tangible White Eagle property (*e.g.*, laboratory equipment and animal cages) to conduct its business.

34.   Plaintiff contacted D'Ver, who had entered into the various agreements on behalf of White Eagle, and, to Plaintiff's understanding, owned and ran White Eagle to demand repayment of its Study Deposit.

35.   D'Ver refused to repay the Study Deposit and informed Plaintiff that neither he nor White Eagle could be responsible for returning the Study Deposit.

36.   D'Ver provided Plaintiff with documentation evidencing the sale of the business to Provident, specifically an Asset Purchase Agreement dated December 24, 2002, but stated effective as of January 1, 2003 (the "Purchase Agreement").

37.   Pursuant to the Purchase Agreement, Provident purchased substantially all of White Eagle's assets.

38.    The Purchase Agreement structured the sale transaction to pay the vast majority of the sale proceeds directly to White Eagle's management and stockholders rather than to White Eagle, the legal owner and seller of the assets.

39.    No money was paid to White Eagle itself under the Purchase Agreement and any value taken out of White Eagle was distributed to White Eagle's stockholders in preference over its outstanding creditors, including Plaintiff.

40.    White Eagle's stockholders and management, specifically D'Ver, must have known that many of White Eagle's obligations and debts, including its obligations to perform the research studies for which deposits had already been accepted from Plaintiff and return those deposits could not be discharged after the sale transaction with Provident and that the remaining assets and transaction proceeds left in White Eagle after the sale would be inadequate to pay its creditors.

41.    Provident also knew this because Schnell, a vice president of Provident and the signatory for Provident on the Purchase Agreement, was previously a high-level employee and officer of White Eagle.

42.    D'Ver also provided Plaintiff with a copy of an agreement dated effective February 26, 2003 (the "Stock Sale Agreement") pursuant to which Schnell purchased all of the outstanding stock of White Eagle from D'Ver.

43.    On information and belief, Schnell is now the sole shareholder of White Eagle.

44.    In May, 2004, Plaintiff wrote counsel for both White Eagle and D'Ver and counsel for both Provident and Schnell and demanded return of the Study Deposit.

45.    Both sides have refused to return the Study Deposit to Plaintiff and apparently claim that it is the other's responsibility to return the Study Deposit to Plaintiff.

46.   D'Ver has informed Plaintiff that neither he nor White Eagle have the Study Deposit nor the funds necessary to repay the Study Deposit.

## COUNT I - BREACH OF CONTRACT
### (WHITE EAGLE)

47.   Plaintiff incorporates herein Paragraphs 1 through 46 as if fully stated.

48.   The 2002 Agreement is a valid and enforceable contract between Animal Health and White Eagle.

49.   Animal Health performed its obligations to White Eagle under the 2002 Agreement.

50.   White Eagle has not done the studies contracted for under the 2002 Agreement and does not intend to ever do those studies or to return the monies paid by Animal Health for those studies.

51.   Animal Health has assigned its rights and obligations under the 2002 Agreement to Plaintiff.

52.   White Eagle breached the 2002 Agreement when, among other things, it made impermissible expenditures of the Study Deposit for purposes other than the expenses of the preclinical trials.

53.   White Eagle also breached the 2002 Agreement when it failed to refund the Study Deposit to Plaintiff.

54.   Plaintiff has been injured by White Eagle's breaches of the 2002 Agreement in the amount of the $889,000.00 Study Deposit.

WHEREFORE, Plaintiff Bayer HealthCare LLC prays for judgment in its favor against Defendant White Eagle in the amount of $889,000.00, as well as prejudgment and post-judgment

interest, attorneys' fees and costs incurred herein and all other further relief this Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT
### (WHITE EAGLE/D'VER)

55.   Plaintiff incorporates by reference herein Paragraphs 1 through 54 as if fully set forth herein.

56.   By providing White Eagle with the Study Deposit, Plaintiff conferred a benefit on White Eagle and D'Ver.

57.   On information and belief, White Eagle has transferred the Study Deposit to D'Ver.

58.   White Eagle and D'Ver had knowledge of the benefit conferred upon them by Plaintiff.

59.   White Eagle and D'Ver have accepted and retained the benefit of the Study Deposit.

60.   White Eagle and D'Ver have failed and refused to return the Study Deposit to Plaintiff and have failed and refused to confer any benefit on Plaintiff in exchange for the Study Deposit.

61.   It would be inequitable to allow White Eagle and D'Ver to retain the benefit of the Study Deposit.

62.   White Eagle and D'Ver are liable to Plaintiff for the full amount of the Study Deposit.

WHEREFORE, Plaintiff Bayer HealthCare LLC prays for judgment in its favor against White Eagle and D'Ver, jointly and severally, in the amount of $889,000, as well as prejudgment

and post-judgment interest, attorneys' fees and costs incurred herein and all other further relief this Court deems just and proper.

## COUNT III – PENNSYLVANIA UNIFORM FRAUDULENT TRANSFER ACT
### (ALL DEFENDANTS)

63.   Plaintiff incorporates by reference herein Paragraphs 1 through 62 as if fully set forth herein.

64.   Plaintiff is a creditor under the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA") -- 12 Pa. Cons. Stat. Ann. §§ 5101 *et seq.*

65.   White Eagle is a debtor under PUFTA.

66.   Provident, D'Ver and Schnell benefited under the transfer of White Eagle's assets to Provident.

67.   On information and belief, Defendants transferred White Eagle's assets to Provident with actual intent to hinder, delay, or defraud Plaintiff.

68.   White Eagle did not receive a reasonably equivalent value in exchange for the transfer its assets to Provident.

69.   At the time of the asset transfer, White Eagle was engaged in a transaction with Plaintiff (or its predecessor) for which its remaining assets were unreasonably small in relation to the transaction.

70.   The transfer made it impossible for White Eagle to perform the agreed upon studies or to refund the Study Deposit.

71.   On information and belief, Defendants knew that White Eagle would not be able to perform the agreed upon studies or to refund the Study Deposit after the transfer and knew that White Eagle's debts to Plaintiff would be beyond White Eagle's ability to pay.

72.   On information and belief, D'Ver and Schnell approved of and coordinated this fraudulent transfer via both the Purchase Agreement and the Stock Sale.

73.   Defendants' actions were willful and wanton, fraudulent and malicious and were made with an evil motive thus justifying an award of punitive damages.

WHEREFORE, Plaintiff Bayer HealthCare LLC prays for judgment in its favor against all Defendants, jointly and severally, in excess of $889,000, a well as for exemplary damages, prejudgment and post-judgment interest, attorneys' fees and costs incurred herein and all other further relief this Court deems just and proper.

## COUNT IV – VIOLATION OF TRUST/BREACH OF FIDUCIARY DUTY
### (WHITE EAGLE/D'VER)

74.   Plaintiff incorporates by reference herein Paragraphs 1 through 73 as if fully set forth herein.

75.   White Eagle and D'Ver were entrusted with the power and responsibility to hold the Study Deposit to be used to fund studies on behalf of Plaintiff.

76.   The studies were never conducted and White Eagle and D'Ver have impermissibly failed, refused and neglected to return the Study Deposit to Plaintiff.

77.   On information and belief, White Eagle and D'Ver do not intend to ever return the Study Deposit to Plaintiff.

78.   White Eagle and D'Ver did not have permission from Plaintiff to use the Study Deposit for any purpose other than to fund studies on behalf of Plaintiff.

79.   On information and belief, White Eagle and D'Ver intend to permanently deprive Plaintiff of the use of and/or possession of the Study Deposit.

80.   Upon information and belief, White Eagle and D'Ver intend to convert, and have converted, the Study Deposit to their own use.

81.   As a result of White Eagle's and D'Ver's improper acts, Plaintiff has sustained damages including but not limited to the amount of the Study Deposit.

82.   White Eagle and D'Ver's actions were willful and wanton, fraudulent and malicious and were made with an evil motive thus justifying an award of punitive damages.

WHEREFORE, Plaintiff Bayer HealthCare LLC prays for judgment in its favor against defendants White Eagle and D'Ver, jointly and severally, in an amount in excess of $889,000, as well as exemplary damages, prejudgment and post-judgment interest, attorneys' fees and costs incurred herein and all other further relief this Court deems just and proper.

## COUNT V – CONVERSION
### (WHITE EAGLE)

83.   Plaintiff incorporates by reference herein Paragraphs 1 through 82 as if fully set forth herein.

84.   Plaintiff provided White Eagle with the Study Deposit to hold in trust for expenses and fees related to the completion of animal studies on behalf of Plaintiff.

85.   White Eagle was obligated to refund the Study Deposit (less accrued costs) within thirty (30) days of notice of cancellation.

86.   On information and belief, White Eagle, through its officers, agents, servants, and/or employees including but not limited to D'Ver and/or Schnell, has wrongfully and knowingly taken possession of the Study Deposit, has converted it and intends to permanently deprive Plaintiff of it.

87.   Plaintiff has demanded the return of the Study Deposit.

88.   White Eagle has failed and refused to return the Study Deposit.

89.   As a result of White Eagle's improper acts, Plaintiff has sustained damages including but not limited to the amount of the Study Deposit.

90.   White Eagle's actions were willful and wanton, fraudulent and malicious and were made with an evil motive thus justifying an award of punitive damages.

WHEREFORE, Plaintiff Bayer HealthCare LLC prays for judgment in its favor against Defendant White Eagle in excess of $889,000, as well as exemplary damages, prejudgment and post-judgment interest, attorneys' fees and costs incurred herein and all other further relief this Court deems just and proper.

## COUNT VI- CONVERSION
### (D'VER)

91.   Plaintiff incorporates by reference herein Paragraphs 1 through 90 as if fully set forth herein.

92.   At all relevant times, D'Ver was acting as an agent and office of White Eagle, and personally participated in White Eagle's conversion of the Study Deposit.

93.   Plaintiff provided White Eagle with the Study Deposit to hold in trust for expenses and fees related to the completion of animal studies on behalf of Plaintiff.

94.   White Eagle was obligated to refund the Study Deposit (less accrued costs) within thirty (30) days of notice of cancellation.

95.   Plaintiff has not consented to White Eagle's use of the Study Deposit for any purpose other than the completion of animal studies on behalf of Plaintiff.

96.   The animal studies have not been completed.

97.   Plaintiff has demanded the return of the Study Deposit.

98.   D'Ver has failed and refused to return the Study Deposit, and has no lawful justification for retention of this property.

99.   D'Ver has wrongfully, intentionally, and knowingly taken personal possession of the Study Deposit, has converted it to his own use and intends to permanently deprive Plaintiff of its property.

100.   As a result of D'Ver's improper acts, Plaintiff has sustained damages including but not limited to the amount of the Study Deposit.

WHEREFORE, Plaintiff Bayer HealthCare LLC prays for judgment in its favor against Defendant D'Ver in excess of $889, 000 as well as exemplary damages, prejudgment and post-judgment interest, attorney's fees and costs incurred herein and all other further relief this Court deems just and proper.

## COUNT VII – CONVERSION
### (SCHNELL)

101.   Plaintiff incorporates by reference herein Paragraphs 1 through 100 as if fully set forth herein.

102.   At all relevant times, Schnell was acting as an agent and officer of White Eagle, and personally participated in White Eagle's conversion of the Study Deposit.

103.   Plaintiff provided White Eagle with the Study Deposit, to hold in trust for expenses and fees related to the completion of animal studies on behalf of Plaintiff.

104.   White Eagle was obligated to refund the Study Deposit (less accrued costs) within thirty (30) days of notice of cancellation.

105.   Plaintiff has not consented to White Eagle's use of the Study Deposit for any purpose other than the completion of the animal studies on behalf of Plaintiff.

106.   The animal studies have not been completed.

107.   Plaintiff has demanded the return of the Study Deposit.

108.   Schnell has failed and refused to return the Study Deposit, and has no lawful justification for retention of this property.

109.   Schnell has personally participated in the wrongful, intentional, and knowing seizure of the Study Deposit, has converted it and intends to permanently deprive Plaintiff of its property.

110.   As a result of Schnell's improper acts, Plaintiff has sustained damages including but not limited to the amount of the Study Deposit.

111.   Schnell's actions were willful and wanton, fraudulent and malicious and were made with an evil motive thus justifying an award of punitive damages.

WHEREFORE, Plaintiff Bayer HealthCare, LLC prays for judgment in its favor against Defendant Schnell in excess of $889,000 as well as exemplary damages, prejudgment and post-judgment interest, attorney's fees and costs incurred herein and all other further relief this Court deems just and proper.

## COUNT VIII – CONVERSION/CONSTRUCTIVE TRUST
## (PROVIDENT)

112.   Plaintiff incorporates by reference herein Paragraphs 1 through 111 as if fully set forth herein.

113.   Plaintiff provided White Eagle with the Study Deposit, to hold in trust for expenses and fees related to the completion of animal studies on behalf of Plaintiff.

114.   White Eagle was obligated to refund the Study Deposit (less accrued costs) within thirty (30) days of notice of cancellation.

115.   Plaintiff has not consented to White Eagle's use of the Study Deposit for any purpose other than the completion of animal studies on behalf of Provident.

116.   The animal studies have not been completed.

117.   Plaintiff has demanded the return of the Study Deposit.

14

118. White Eagle has failed and refused to return the Study Deposit and has no lawful justification for retention of this property.

119. Provident has obtained the assets of White Eagle, including upon information and belief, the converted Study Deposit.

120. At all relevant times, Provident knew, or should have known that White Eagle and/or D'Ver and/or Schnell were acting wrongfully and in violation of their duty of trust to Plaintiff when they converted the Study Deposit.

121. Provident knowingly received and retained the benefit of White Eagle/D'Ver/Schnell's breach of trust.

122. As a result of Provident's improper acts, Plaintiff has sustained damages including but not limited to the amount of the Study Deposit.

123. As a participant in White Eagle, D'Ver and/or Schnell's breach of trust and conversion, Provident holds the Study Deposit in a constructive trust, subject to the same rules, restrictions and remedies as White Eagle.

124. Provident's actions were willful and wanton, fraudulent, malicious and were made with an evil motive, thus justifying an award of punitive damages.

WHEREFORE, Plaintiff Bayer HealthCare, LLC prays for judgment in its favor against Defendant Provident in excess of $889,000 as well as exemplary damages, prejudgment and post-judgment interest, attorney's fees and costs incurred herein and all other further relief this Court deems just and proper.

## COUNT IX – TORTIOUS INTERFERENCE
### (D'VER/PROVIDENT/SCHNELL)

125. Plaintiff incorporates by reference herein Paragraphs 1 through 124 as if fully set forth herein.

126.   Plaintiff (through its predecessor) and White Eagle had a contractual relationship arising out of the 2002 Agreement.

127.   D'Ver, Schnell and Provident were all aware of the 2002 Agreement.

128.   D'Ver, Schnell and Provident all knew that White Eagle was obligated to do certain research studies under the 2002 Agreement or to return the Study Deposit.

129.   On information and belief, D'Ver, Schnell and Provident agreed to transfer substantially all of the assets of White Eagle to Provident in return for payments from Provident and/or Schnell to D'Ver for the purpose of making it impossible for Plaintiff to receive the benefit of the 2002 Agreement or to recover its Study Deposit from White Eagle.

130.   D'Ver's, Schnell's and Provident's actions were without justification.

131.   D'Ver's, Schnell's and Provident's actions caused actual damage to Plaintiff in, at a minimum, the amount of the Study Deposit.

132.   D'Ver's, Schnell's and Provident's actions were willful and wanton, fraudulent and malicious and were made with an evil motive thus justifying an award of punitive damages.

WHEREFORE, Plaintiff Bayer HealthCare LLC prays for judgment in its favor against Defendants D'Ver, Provident and Schnell, jointly and severally, in excess of $889,000, as well as exemplary damages, prejudgment and post-judgment interest, attorneys' fees and costs incurred herein and all other further relief this Court deems just and proper.

## COUNT X – CIVIL CONSPIRACY
## (D'VER/SCHNELL/PROVIDENT)

133.   Plaintiff incorporates by reference herein Paragraphs 1 through 132 as if fully set forth herein.

134.    D'Ver, Schnell and Provident knowingly, with a common purpose, acted in concert to tortiously interfere with, defraud, convert from and/or embezzle monies from Plaintiff to their mutual benefit.

135.    In furtherance of their conspiracy, D'Ver, Schnell and Provident agreed to, and did, transfer substantially all of the assets of White Eagle to Provident in return for payments from Provident and/or Schnell to D'Ver and the ownership of White Eagle from D'Ver to Schnell.

136.    D'Ver, Schnell and Provident did this knowing and with the express intent that Plaintiff would be left unable to recover its Study Deposit from White Eagle.

137.    D'Ver, Schnell and Provident conspired against Plaintiff and acted in furtherance of that conspiracy with the manifest intent to cause Plaintiff injury and to obtain financial benefit for themselves.

138.    As a result of D'Ver's, Schnell's and Provident's actions, Plaintiff has sustained damages including but not limited to the amount of the Study Deposit.

139.    D'Ver's, Schnell's and Provident's actions were willful and wanton, fraudulent and malicious and were made with an evil motive thus justifying an award of punitive damages.

WHEREFORE, Plaintiff Bayer HealthCare LLC prays for judgment in its favor against D'Ver, Schnell and Provident, jointly and severally, in excess of $889,000, as well as exemplary damages, prejudgment and post-judgment interest, attorneys' fees and costs incurred herein and all other further relief this Court deems just and proper.

## COUNT XI – SUCCESSOR LIABILITY
## (PROVIDENT)

140.    Plaintiff incorporates by reference herein Paragraphs 1 through 139 as if fully set forth herein.

141. Provident is White Eagle's successor corporation under Pennsylvania law.

142. Provident is a continuation of White Eagle.

143. Provident is accountable for the White' Eagle's liability to Plaintiff as the purchase of White Eagle's assets was of substantially all of the assets and was not made for adequate consideration and provisions were not made to protect White Eagle's creditors, including Plaintiff.

144. White Eagle received virtually no consideration for the sale of its assets to Provident. Rather, the Purchase Agreement provided for direct payments to White Eagle's shareholders and investors, including D'Ver and his family.

145. The Purchase Agreement contained no provisions protecting White Eagle's creditors, including Plaintiff.

146. On information and belief, one of the purposes of the sale of White Eagle's assets to Provident was to make it impossible for Plaintiff to recover the Study Deposit.

147. On information and belief, White Eagle and Provident fraudulently entered into the Purchase Agreement in order to escape liability to Plaintiff.

148. Provident is liable as White Eagle's successor for any liability of White Eagle to Plaintiff and at a minimum the full amount of the Study Deposit.

149. Provident is a successor-in-interest to White Eagle and the de facto merger and/or transformation of White Eagle into Provident constitutes a "transfer of interest" pursuant to Rule 25(c), Fed. R. Civ. P.

WHEREFORE, Plaintiff Bayer HealthCare LLC prays for judgment in its favor against Defendant Provident, in excess of $889,000, in addition to prejudgment and post-judgment

interest, attorneys' fees and costs incurred herein and all other further relief this Court deems just and proper.

## COUNT XII – PIERCING THE CORPORATE VEIL/ALTER EGO LIABILITY
## (D'VER)

150.   Plaintiff incorporates by reference herein Paragraphs 1 through 149 as if fully set forth herein.

151.   On information and belief, D'Ver was the sole shareholder of White Eagle and completely dominated and controlled it until he transferred his entire ownership interest to Schnell.

152.   White Eagle was at all relevant times insufficiently capitalized to meet its obligations to Plaintiff.

153.   D'Ver knew when entering into the 2002 Agreement on behalf of White Eagle that White Eagle was insufficiently capitalized to meet its obligations under that agreement.

154.   D'Ver intermingled the funds and assets of White Eagle with his own.

155.   D'Ver caused White Eagle to sell substantially all of its assets to Provident in exchange for payments directly to D'Ver.

156.   D'Ver took control of the Study Deposit entrusted by Plaintiff to White Eagle and used it for his own purposes.

157.   D'Ver controlled White Eagle and was responsible for the decision to sell substantially all of its assets to Provident.

158.   White Eagle failed to observe corporate formalities and D'Ver controlled and dominated the affairs of White Eagle to such an extent that D'Ver should be disregarded and D'Ver held individually liable for any liability of White Eagle to Plaintiff.

WHEREFORE, Plaintiff Bayer HealthCare LLC prays for judgment in its favor against Defendant D'Ver in an amount equal to any liability of White Eagle to Plaintiff prejudgment and post-judgment interest, attorneys' fees and costs incurred herein and all other further relief this Court deems just and proper.

Respectfully submitted,

DUANE MORRIS LLP

By: _____
BEATRICE O'DONNELL (#28608)
One Liberty Place, Suite 4200
Philadelphia, Pennsylvania  19103-7396
(215) 979-1113
Fax No. (215) 979-1020

- and -

Cathy J. Dean, Esq.
Robert J. E. Edwards, Esq.
Jennifer J. Chapin, Esq.
POLSINELLI SHALTON WELTE SUELTHAUS PC
700 West 47th Street, Suite 1000
Kansas City, Missouri  64112
(816) 753-1000
Fax No. (816) 753-1536
*Pro Hac Vice Admission Pending*

ATTORNEYS FOR PLAINTIFF
BAYER HEALTHCARE LLC

PH2\830212 2

## CERTIFICATE OF SERVICE

I, Beatrice O'Donnell, Esquire hereby certify that I served and true and correct copy of

Plaintiff's Complaint, on the 30th day of November, 2004, via Certified, Return Receipt Mail,

upon all interested parties addressed as follows:

White Eagle Laboratories, Inc.
2003 Lower State Road
Doylestown, PA  18901

And

Dr. Abbott S. D'Ver
1142 North Glenwood Street
Allentown, PA  18104

Attorneys for Defendants,
Provident Preclinical, Inc. and
Dr. Michael A. Schnell

Craig A. Styer, Esquire
Fox Rothschild, LLC
Eagle View Corporate Center
760 Constitution Drive, Suite 104
P.O. Box 673
Exton, PA  19341-0673


By: _____
       BEATRICE O'DONNELL
       One Liberty Place, Suite 4200
       Philadelphia, Pennsylvania  19103-7396
       (215) 979-1113
       Fax No. (215) 979-1020
       - and -
       Cathy J. Dean, Esq.
       Robert J. E. Edwards, Esq.
       Jennifer J. Chapin, Esq.
       POLSINELLI SHALTON WELTE SUELTHAUS PC
       700 West 47th Street, Suite 1000
       Kansas City, Missouri  64112
       (816) 753-1000
       Fax No. (816) 753-1536
       *Pro Hac Vice Admission Pending*

       ATTORNEYS FOR PLAINTIFF
       BAYER HEALTHCARE LLC

# EXHIBIT "1"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BAYER HEALTHCARE LLC,         No. _____
Animal Health Division
               Plaintiff,

v.

PROVIDENT PRECLINICAL, INC.
and
WHITE EAGLE LABORATORIES, INC.
and
DR. MICHAEL A. SCHNELL
DR. ABBOTT S. D'VER
               Defendants.

## PLAINTIFF'S CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1(a), Plaintiff Bayer Healthcare LLC hereby provides the Court with its disclosure statement.

Plaintiff is wholly owned by Bayer Corporation, an Indiana corporation. Bayer Corporation is wholly owned by Bayer AG, an entity formed under the laws of, and based in, Germany. Bayer Ag is a publicly traded corporation. No publicly traded corporation owns 10% or more of Plaintiff's Stock.

Respectfully submitted,

By: _Beatrice O'Donnell_
BEATRICE O'DONNELL (#28608)
One Liberty Place, Suite 4200
Philadelphia, Pennsylvania 19103-7396
(215) 979-1113
Fax No. (215) 979-1020

- and –

## ASSISTANT SECRETARY'S CERTIFICATE

I, Keith R. Abrams, Assistant Secretary of Bayer Corporation, an Indiana corporation having its principal place of business at 100 Bayer Road, Pittsburgh, PA 15205, hereby certify as follows:

1. That in connection with a restructuring of its operating businesses effected as of January 1, 2003, Bayer Corporation, an Indiana corporation, contributed the business and assets of its former Animal Health, Biological Products, Consumer Care and Diagnostics Divisions to Bayer HealthCare LLC, a limited liability company newly formed under the laws of the State of Delaware, and Bayer HealthCare LLC assumed the liabilities related to these businesses.

2. That included among the assets contributed to and liabilities assumed by Bayer HealthCare LLC in the restructuring were all rights and obligations under those certain Memoranda of Agreement by and between Bayer Corporation and White Eagle Laboratories, Inc. dated October 8, 1999, November 29, 1999 and March 4, 2002, respectively, with respect to toxicological research studies to be performed by White Eagle for Bayer Corporation.

3. That attached hereto as Exhibit A is a true and correct copy of certain resolutions approving said corporate restructuring and related transactions, which resolutions were duly adopted by unanimous written consent of the Board of Directors of Bayer Corporation in lieu of a meeting, dated as of December 19, 2002, and which remain in full force and effect and have not been modified in any respect.

IN WITNESS WHEREOF, I have hereunto subscribed my name and seal this 19th day of October, 2004.

Keith R. Abrams, Assistant Secretary

# BAYER CORPORATION
## Resolutions Adopted by Unanimous Consent of the Board
### As of December 19, 2002

WHEREAS, the Board has determined that it is advisable and in the best interests of the Corporation and its stockholders to make a capital contribution of certain assets and liabilities relating to its healthcare business (the "HealthCare Contribution") to Bayer HealthCare LLC, a Delaware limited liability company and directly, wholly-owned subsidiary of the Corporation ("HealthCare"); and

WHEREAS, in order to effect the HealthCare Contribution, the Corporation and HealthCare intend to enter into that certain Contribution and Assumption Agreement dated as of January 1, 2003 (the "Contribution Agreement"), a substantially final form of which has been presented to the Board; and

WHEREAS, the Board now desires to approve, authorize and ratify the execution of the Contribution Agreement and the taking of all actions necessary, advisable or appropriate in furtherance of the transactions contemplated by the Contribution Agreement and the related agreements (the "Transactions");

NOW THEREFORE be it:

RESOLVED, that the form, terms and provisions of the Contribution Agreement, be, and the same hereby is, authorized, approved, adopted and ratified in all respects; and be it further

RESOLVED, that any officer of the Corporation be, and each of them hereby is, authorized in the name and on behalf of the Corporation (and all actions of any officer of the Corporation heretofore taken in connection therewith are hereby ratified and confirmed as and for actions of the Corporation) to prepare, execute and deliver in the name and on behalf of the Corporation the Contribution Agreement, in substantially the form presented to the Directors, subject to such changes as the officer executing the same shall in his sole discretion determine to be necessary, appropriate, convenient or proper, the execution and delivery thereof by such officer to be conclusive evidence of such approval; and be it further

RESOLVED, that all acts and deeds heretofore done by any director or officer of the Corporation for and on behalf of the Corporation in entering into, executing, acknowledging or attesting any arrangements, agreements, instruments or documents in connection with the Transactions, or in carrying out the terms and intentions of these resolutions, are hereby ratified, approved and confirmed; and be it further

RESOLVED, that any officer of the Corporation be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation to execute and deliver any and all other agreements, certificates, instruments and other documents which may be necessary, appropriate, convenient, proper or advisable in connection with the foregoing resolutions and the transactions contemplated thereby, such documents to be in such form and to contain such terms and conditions as the officer executing the same shall in his sole discretion determine to be necessary, appropriate, convenient or proper, the execution and delivery thereof by such officer to be conclusive evidence of such approval.